UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br>a minor, by and through<br>his father and next friend,<br>JAMES DOE,<br><br>Plaintiffs<br><br>MYSTIC VALLEY REGIONAL<br>CHARTER SCHOOL,<br>DR. ANTHONY BIEGLER,<br>  Superintendent,<br>KATHY KINNON,<br>  Administrator of<br>  Special Education,<br><br>Defendants. | Civil Action No.<br>04-10937-GAO |

ANSWER OF DEFENDANT
MYSTIC VALLEY REGIONAL CHARTER SCHOOL

For its Answer and Affirmative Defenses to the separately-paragraphed allegations of the Complaint, the undersigned defendant, Mystic Valley Regional Charter School ("MVRCS"), by its attorneys, hereby answers and states as follows:

INTRODUCTION

1.      The first paragraph of plaintiffs' Complaint is introductory in nature and states legal conclusions as to which no responsive pleading is required. To the extent a response is required as to the allegations pertaining to MVRCS, MVRCS denies the allegations in paragraph 1 of the Complaint.

JURISDICTION

2.      Paragraph 2 of the Complaint states a legal conclusion as to which no response is required.

1

3.  MVRCS admits Plaintiffs seek the damages and relief described, and in all other respects denies the allegations of Paragraph 3 of the Complaint.

4.  Paragraph 4 of the Complaint states legal conclusions as to which no response is required. Answering further, MVRCS admits that all of the events alleged in the Plaintiffs' complaint against MVRCS occurred in the Commonwealth of Massachusetts and that MVRCS may be found here.

## PARTIES

5.  MVRCS is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies same.

6.  MVRCS admits the identities of the plaintiffs are known to it. MVRCS is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, denies same.

7.  MVRCS admits the allegations of paragraph 7 of the Complaint. Further answering, MVRCS states that it has at all times complied with its responsibilities to the minor plaintiff.

8.  MVRCS denies the allegations of paragraph 8 of the Complaint. MVRCS admits that Dr. Biegler is the Director of MVRCS.

9.  MVRCS admits the allegations of the first two sentences of paragraph 9 of the complaint, and denies the remaining allegations.

## STATEMENT OF FACTS

10. MVRCS admits the allegations of the first two sentences of paragraph 10 of the Complaint. MVRCS is without sufficient current information to admit or deny the remaining allegations in paragraph 10 of the Complaint, and they are therefore denied.

11-14.  MVRCS admits that John has a history of allergic and anaphylactic reaction to peanuts and nuts and that the consequences can be life threatening.  MVRCS is without sufficient information to admit or deny the remaining allegations of paragraphs 11-14 of the Complaint.

15.  MVRCS admits that it is aware of an incident in October 2003 in which the minor plaintiff displayed certain symptoms, including a rash.  MVRCS is without sufficient information to admit or deny the remaining allegations of paragraph 15 of the Complaint, and they are therefore denied.

16.  MVRCS is without sufficient information to admit or deny the allegations of paragraph 16 of the Complaint, but admits that John has been allergic to peanuts and other nuts.

17.  MVRCS admits the allegations of the first two sentences of paragraph 17 of the Complaint.  MVRCS states that the letters from John's physicians speak for themselves and that no responsive pleading is required as to the allegations of paragraph 17 which purport to describe, paraphrase or restate the substance of those letters.

18.  MVRCS admits that communications occurred in August 2002 between the minor plaintiff's parents, the School, and the kindergarten teacher, but denies plaintiffs' characterizations of those communications.  MVRCS admits that it received information from the plaintiffs about John's condition, including letters dated August 21, 2002 and August 22, 2002, which are documents that speak for themselves.  MVRCS denies the remaining allegations contained in paragraph 18.

19.  MVRCS admits that it received information from the plaintiffs about the

minor plaintiff's condition, including letters dated December 9, 2002, December 12, 2002, and January 29, 2003. MVRCS states that the aforementioned letters are documents that speak for themselves and that no responsive pleading is required as to the allegations of paragraph 19 which purport to describe, paraphrase or restate the substance of those letters.

20. MVRCS admits that it did not implement a "peanut-free classroom," but denies that such an accommodation was required, necessary, or appropriate. Further answering, MVRCS states that it provided ample accommodations to John's conditions, including a peanut-free table and implementation of other preventive measures.

21. Admitted.

22. MVRCS admits that peanut butter sandwiches were available to students at the School as an alternate lunch during the 2002-2003 school year. MVRCS denies the remaining allegations of paragraph 22 of the Complaint.

23. MVRCS admits that it convened a Section 504 meeting on or about November 15, 2002. MVRCS states that an Individualized Healthcare Plan was created, and the parties exchanged correspondence regarding their positions about the elements of that Plan. MVRCS states that no response is required as to the allegations of paragraph 23 which purport to describe, paraphrase or restate the substance of the Plan documents and the parties' correspondence, which speak for themselves. MVRCS denies the remaining allegations of paragraph 23 of the Complaint.

24. MVRCS admits that Ms. Kinnon attended the Section 504 meeting, but denies the plaintiffs' characterization of comments she made during the meeting.

25. MVRCS admits that bus drivers may have handed out candy to children during the 2003 school year, but denies that the minor plaintiff received any candy containing peanuts. MVRCS is without information to admit or deny the remaining allegations of paragraph 25 of the Complaint, and they are therefore denied.

26. MVRCS admits that the plaintiffs filed a request for hearing with the Board of Special Education Appeals in April 2003 and denies the remaining allegations of paragraph 26 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. MVRCS admits that it has implemented appropriate policies inclusing those respecting dress and fast food "fast food." MVRCS denies the remaining allegations of paragraph 30 of the Complaint.

31. MVRCS admits the allegations of the first sentence of paragraph 31 of the Complaint. MVRCS denies the remaining allegations of paragraph 31 of the Complaint.

32. MVRCS admits that during part of the 2002-2003 school year, a "peanut-free" table was located in the minor plaintiff's classroom, and that he would eat at that table with another classmate. MVRCS denies the remaining allegations of paragraph 32 of the Complaint.

33. Denied.

34. Denied.

35. MVRCS admits that John went home from school on October 3, 2003. MVRCS also admits that a student in John's class may have eaten peanut butter crackers

5

earlier that day. MVRCS denies the remaining allegations of paragraph 35 of the Complaint.

36. MVRCS admits that the BSEA officer issued a Decision and Order dated March 19, 2004. Answering further, no response is required as to the allegations of paragraph 36 that purport to describe, paraphrase or restate the substance of that Decision and Order, which is a document speaks for itself.

37. MVRCS admits that its counsel received correspondence from plaintiffs' counsel dated March 31, 2004. MVRCS denies the remaining allegations of paragraph 37 of the Complaint.

38. Denied. Answering further, MVRCS states that, since the March 19, 2004, Order of the BSEA, it has consistently and in good faith applied and implemented the terms of that order.

39. Paragraph 39 of the Complaint purports to cite language from various federal statutes and states legal conclusions to which no response is required.

40-49. Paragraphs 40-49 of the Complaint states legal conclusions as to which no response is required.

## COUNT I

50. MVRCS repeats its answers to Paragraphs 1 through 49 above and incorporates them by reference as if set forth fully herein.

51. Paragraph 51 of the Complaint states legal conclusions as to which no response is required.

52. Paragraph 52 of the Complaint states legal conclusions as to which no response is required

6

53. Denied.

54. Denied.

55. Denied.

## COUNT II

56. MVRCS repeats its answers to Paragraphs 1 through 55 above and incorporates them by reference as if set forth fully herein.

57. MVRCS admits that John was a student at MVRCS at all times material to the allegations set forth in the Complaint. MVRCS is without sufficient information to admit or deny the remaining allegations of paragraph 57 of the Complaint and they are therefore denied.

58. Paragraph 58 of the Complaint states a legal conclusion as to which no response is required.

59. Paragraph 59 of the Complaint states a legal conclusion as to which no response is required. Further answering, MVRCS is without sufficient information to admit or deny the allegations of paragraph 59 of the Complaint and they are therefore denied.

60. Denied.

61. Paragraph 61 of the Complaint states a legal conclusion as to which no response is required.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint must be dismissed for failure to state a claim upon which relief can be granted in this Court.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint must fail because plaintiffs are not "prevailing parties" under the relevant statutes.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because MVRCS has fully complied with each of its duties and obligations under the relevant statutes and with the Order of the Bureau of Special Education Appeals.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of waiver.

MVRCS reserves the right to assert any and all defenses which may have been omitted from this Answer upon discovery and further investigation.

> Respectfully submitted,
>
> MYSTIC VALLEY REGIONAL
> CHARTER SCHOOL
>
> By its attorneys,
>
> /s/ Christopher M. Morrison
> John D. Hanify (BBO# 219880)
> Christopher M. Morrison (BBO# 651335)
> Karen A. Whitley (BBO# 564742)
> HANIFY & KING
> Professional Corporation
> One Beacon Street
> Boston, MA 02108
> (617) 423-0400

DATED: November 1, 2004

### CERTIFICATE OF SERVICE

I, Christopher M. Morrison hereby state that on November 1, 2004, I served a copy of the within Answer of Defendant Mystic Valley Regional Charter School, upon attorney for the plaintiff, Timothy A. Sindelar of Bowman, Moos & Hilton, 222 Third Street, Suite 3220, Cambridge, MA 02142, by first class mail, postage prepaid.

> /s/ Christopher M. Morrison
> Christopher M. Morrison

*416760*